JOHN WILLIAM GROVER, BY HIS NEXT FRIEND, PLAINTIFF, v. NEW YORK, SUSQUEHANNA, &c., RAILROAD COMPANY, DEFENDANT.

Submitted June term, 1923—Decided November 7, 1923.

**Negligence—Automobile Accident at Grade Crossing—Liability of Railroad—Contributory Negligence.**

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the plaintiff, *Blair Reiley.*

For the defendant, *Collins & Corbin* and *Hobart, Markley & Broadhurst.*

PER CURIAM.

This suit was brought to recover damages for personal injuries and damages to an automobile.

The plaintiff, a young man under age, while riding in an automobile which he was driving on December 1st, 1921, was injured and the automobile damaged by a locomotive at the grade crossing, where the defendant's tracks cross the highway, known as Columbia street, in Columbia Knowlton township, Warren county. The trial resulted in a verdict for the plaintiff. The defendant obtained a rule to show cause why a new trial should not be granted. The rule must be made absolute and a new trial granted for two reasons: *first,* error in the court's charge to the jury, in which he erred in leaving to the jury the question whether the crossing was one of extraordinary danger within the rule stated in such cases as *Pennsylvania Railroad Co.* v. *Matthews,* 36 *N. J. L.* 534; *Danskin* v. *Pennsylvania Railroad Co.,* 76 *Id.* 660; *Kyle* v. *Lehigh Valley Railroad Co.,* 81 *Id.* 186, 192; *Ross* v. *Director General,* 94 *Id.* 295. The rule is that only when the company has created extra danger it is bound to use extra precautions other than those provided for by the statute. *Second,* according to the clear weight of the evidence, the accident was due to the contributory negligence on the part of the plaintiff, the driver of the automobile.

The defendant's rule to show cause must be made absolute.